IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
At Charleston

**JASON SADLER**,

      **Plaintiff,**

v.                                                   Civil Action No.   **2:25-cv-00478**

**SUPERINTENDENT JONATHAN FRAME, individually and in his official capacity;**
**C.O. LOWELL, individually and in his official capacity;**
**C.O. LESHER, individually and in his official capacity;**
**C.O. PAULEY, individually and in his official capacity;**
**C.O. JOHN DOES I-IX, individually and their official capacity; and,**
**The WEST VIRGINIA DIVISION OF CORRECTIONS AND REHABILITATION, an agency of the State of West Virginia;**

      **Defendants.**

## COMPLAINT

This is an action to redress the deprivation of Plaintiff's rights, privileges and immunities protected by the Constitution and Laws of the United States of America, particularly, but not limited to, the Fourth, Eighth, Ninth and Fourteenth Amendments of the United States Constitution, pursuant to 42 USC §1983, and otherwise. The constitutional violations are alleged against Defendant Jonathan Frame, Defendant C.O. Lowell, Defendant C.O. Lesher, Defendant C.O. Pauley, Defendants C.O. John Doe I-IX and Defendant West Virginia Division of Corrections and Rehabilitation (WVDCR) in this civil action. This civil action also asserts claims under the statutes and common law of the State of West Virginia against all Defendants.

1. Plaintiff's relief sought is limited to coverage afforded by applicable liability insurance policies.

2. Plaintiff is a citizen of the United States, the State of West Virginia and the County of Cabell. Jurisdiction of this Court is invoked under 28 U.S.C. §§1343, et. seq. This action at law for money damages arises under 42 U.S.C. §§1983, 1988, the United States Constitution, the laws and Constitution of West Virginia and common law principles to redress a deprivation under color

of state law of rights, privileges and immunities secured to Plaintiff by said statutes and by the Fourth, Fifth and Fourteenth Amendments of the United States Constitution. This Court has jurisdiction over Plaintiff's claims for violations of his federal constitutional rights pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343(a)(3). Plaintiff was incarcerated at Mount Olive Correctional Center (MOCC) in Mt. Olive, Fayette County, West Virginia, in May, 2024, when he was subjected to severe, permanent and life-threatening physical and emotional injures due to the negligent and/or intentional acts of all Defendants. Specifically, on or about May 15, 2024, Plaintiff was incarcerated at MOCC when he was experiencing a documented low blood sugar episode. Plaintiff was informed by a nurse to simply "wait out" the medical emergency. Shortly thereafter an officer called for officer assistance wherein Defendants Lowell, Lesher and Pauley entered Plaintiff's cell, fully shackled Plaintiff and administered no less than five (5) doses of Narcan. Defendants Lowell, Lesher and Pauley then commenced to beat, stomp, batter a restrained and non-combative Plaintiff to the point of ripping out his dreadlocks. The beating was so severe and brutal that Plaintiff was unconscious for no less than thirty (30) minutes and medical staff, assuming he was dead from the beatings, placed a white sheet over his body. When Plaintiff was surprisingly alive to medical staff, he was then transported to Charleston Area Medical Center for no less than six (6) days. To make matters much worse, all Defendants conspired to deprive Plaintiff of his tablet and phone privileges and took away his good time. All the while, Plaintiff was threatened with additional punishment and sanctions and Defendants followed through on these threats of retribution. As of the date of this Complaint, Plaintiff has been in the MOCC segregation unit for no less than fourteen (14) months for no other reason than questioning the actions of all Defendants and retaining present counsel to pursue this civil matter. In fact, Plaintiff has written various State of West Virginia entities complaining of the excessive force/cruel and unusual punishment and the retribution actions. Upon learning of the same, all Defendants increased his punishment and loss of privileges and good time. Due to the confluence of actions

of all Defendants, Plaintiff continues to suffer from serious physical and emotional injuries and is still being deprived of his inmate and constitutional rights.

3. Defendant WVDCR, at all times material to this action, was the duly constituted state governmental agency charged with operation of MOCC, and charged with the formulation and implementation of policies directives, training, supervision, hiring, retaining employees and the general operation of MOCC as well as the safety and well-being of its inmates, Plaintiff included, pursuant to various codified laws contained in the West Virginia Code including, but not limited to, §§31-20-9, *et seq*. Defendant WVDCR's supervisory personnel, at both WVDCR headquarters and at MOCC, were deliberately indifferent to the acts of harassment, misconduct and abuse visited upon the Plaintiff which are described throughout this Complaint.

4. Defendant WVDCR is the governmental body which has operated MOCC since it opened. Over the course of the last fifteen (15) years, there has existed a continuing practice and pattern of various forms of physical abuse of inmates at the hands no less than thirty (30) MOCC correctional officers, possibly including some of the individual Defendants in this matter. These physical abuses/misconduct range in various forms. The varying degrees of alleged threats and physical abuses/acts of negligence and misconduct are as follows:

   a. There are occasions when MOCC officers allegedly spoke in a threatening manner to inmates.

   b. There are occasions when MOCC officers allegedly ordered inmates to physically assault other inmates.

   c. There are occasions when MOCC officers have allegedly administered physical punishment in excess of what the situation required.

   d. There are occasions when MOCC officers have allegedly severely beaten inmates to such an extreme that caused permanent physical damages.

e. There are occasions when MOCC officers have allegedly disregarded various safety orders implemented to protect inmates, causing MOCC inmates both physical and mental harm.

Any and all of the above-referenced degrees of physical or other abuses are in contradiction to the policies and provisions of Defendant WVDCR and the laws of the State of West Virginia. Considering the severity of these allegations as well as the frequency of such conduct, this practice could not continue to occur without the tacit approval of Defendant WVDCR and the supervisory staff of Defendant WVDCR employed at both its headquarters in Charleston, West Virginia, and at MOCC including, but not limited to, Defendant Frame, Defendant Lowell, Defendant Lesher, Defendant Pauley, Defendant John Doe(s) I-IX and possibly other individuals.

Due to the number of allegations, the lack of punishment of many of the perpetrators, as well as high-ranking WVDCR agents/employees failing to report such misconduct to outside law enforcement agency/agencies, a conspiracy to conceal such misconduct has occurred, is ongoing and involves various MOCC personnel, possibly including the John Doe Defendants I-IX and possibly including all individual Defendants.

Further, upon information and belief, the known and unknown individual Defendants in this civil action have a history of ignoring protocol which have led to inmates being physically assaulted by other inmates. These instances of misconduct were either ignored, disregarded or covered-up by fellow MOCC officers as well as high-ranking WVDCR officials.

5. As stated previously, Defendant(s) John Doe I-IX are unknown individual or are unknown individuals who are liable unto the Plaintiff in damages. Upon information and belief each such individuals are, or were, employees of Defendant WVDCR at both its headquarters in Charleston, West Virginia, and at MOCC.

6. At times relevant hereto, Defendants Lowell, Lesher, Pauley and Defendant(s) John Doe I-IX were employed by WVDCR as correctional officers assigned to MOCC. Defendant Frame was the Superintendent of MOCC. Upon information and belief, during Plaintiff's incarceration at MOCC, the individual Defendants, including Defendant(s) John Doe(s) I-IX, conspired with, aided and abetted, acted as a lookout, served as an accessory before and after the

fact and acted as a principal with regard to the misconduct of the individual Defendants. As alleged in paragraph 4 of this Complaint, the numerous allegations concerning misconduct at MOCC, including Plaintiff's allegations of failing to follow protocols that are meant to protect inmates, failing to investigate and failing to discipline perpetrators, denote a conspiracy to conceal misconduct of various correctional officers, including the individual Defendants. Defendant(s) John Does I-IX includes, inter alia, unknown individual correctional employees who negligently hired, negligently retained, negligently failed to train, negligently failed to properly supervise the individual Defendants and negligently failed to intervene and protect Plaintiff from the harm suffered by her due to the negligence and misconduct of the individual Defendants. Defendant(s) Doe I-IX also includes any person who concealed the actions of the individual Defendants and/or facilitated their wrongful and actionable acts and failed to intervene on behalf of Plaintiff.

7. As stated above, Plaintiff was a person who was incarcerated in MOCC at all times relevant hereto. At all times relevant, the Plaintiff was an "incarcerated person" and a detainee/inmate.

8. During Plaintiff's incarceration in MOCC, Plaintiff was physically assaulted and battered, physically abused and battered in various degrees by the individual Defendants. Any and all misconduct was strictly and solely due to the negligence of the Defendants and their blatant disregard of the standard WVDCR protocol.

9. Defendants WVDCR, Frame, Lowell, Lesher, Pauley and John Doe I-IX negligently allowed the conduct set forth herein to occur.

10. Defendants WVDCR, Frame, Lowell, Lesher, Pauley and John Doe I-IX owed a duty to Plaintiff to provide a reasonably safe confinement facility, a duty to properly staff, hire, train, retain, and supervise its correctional officers as well as ensure that MOCC inmates were not subjected to cruel and unusual punishment, medical neglect, physical abuse, harassment, physical assault, or other such related conduct while incarcerated.

11. Defendants WVDCR, Frame, Lowell, Lesher, Pauley and John Doe I-IX negligently breached these duties by, inter alia, failing to provide a reasonably safe facility, by failing to see to Plaintiff's safety and breached its duty to properly staff, hire, supervise, train and

retain correctional officers, specifically the individual Defendants including Defendant(s) John Doe I-IX.

12.     During Plaintiff's incarceration in MOCC, the individual Defendants visited extreme cruel and unusual punishment upon Plaintiff in their respective failures to protect him from officers who physically assaulted him and continued the punishment by and through threats of retaliation, housing him in the MOCC segregation unit and withholding "good time."

13.     A proximate result of Defendants WVDCR, Frame, Lowell, Lesher, Pauley and John Doe I-IX's failure to see to Plaintiff's safety and their other negligent acts and omissions was that Plaintiff was not sufficiently protected from foreseeable serious injury by these Defendants including Defendant(s) John Doe I-IX.

14.     Defendants WVDCR, Frame, Lowell, Lesher, Pauley and John Doe I-IX maintained the confinement facility with deliberate indifference and disregard for the welfare of the Plaintiff. Such omissions and failure to act were grossly negligent and proximately caused the Plaintiff to be treated as set forth herein. A pattern of such deliberate indifference existed at MOCC over the course of at least the last fifteen (15) years.

15.     Defendants WVDCR, Frame, Lowell, Lesher, Pauley and John Doe I-IX knew or should have known that placement in MOCC with the individual Defendants exposed Plaintiff to a substantial risk of serious injury, such as medical neglect, physical abuse, harassment, unwarranted punishment and assaults.

16.     Defendants WVDCR, Frame, Lowell, Lesher, Pauley and John Doe I-IX knew or should have known that the individual Defendants failed to comply with standards required of a correctional officer or any other position within the WVDCR.

17.     Defendants WVDCR, Frame, Lowell, Lesher, Pauley and John Doe I-IX, with deliberate indifference to Plaintiff's safety, were grossly negligent and reckless by allowing the placement of the Plaintiff in MOCC.

18.     Defendants WVDCR, Frame, Lowell, Lesher, Pauley and John Doe I-IX negligently failed to establish and provide appropriate training programs to educate and train its staff so as to prevent medical neglect, harassment, mistreatment, physical abuse, physical assault

and severe beatings of its inmates by correctional officers.

19. Defendants WVDCR, Frame and John Doe I-IX otherwise negligently breached its duty to properly hire, train, and supervise Defendants Lowell, Lesher, Pauley Noe and other John Doe I-IX Defendants, negligently retained them in its employ and negligently failed to protect Plaintiff from violations of her statutory and common law rights and protections.

## COUNT ONE

20. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 19 of this complaint as if the same were set forth herein verbatim.

21. Defendants WVDCR, Frame, Lowell, Lesher, Pauley and John Doe(s) I-IX, jointly and severally, deprived Plaintiff of rights, privileges and immunities protected by the Constitution of the State of West Virginia and by the Constitution of the United States of America during his incarceration at MOCC.

22. The acts and omissions of Defendants WVDCR, Frame, Lowell, Lesher, Pauley and John Doe(s) I-IX, jointly and severally, as set forth above, visited upon Plaintiff while incarcerated in MOCC, were such as to subject Plaintiff to acts of cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments of the Constitution of the United States of America.

23. The acts and omissions of Defendants WVDCR, Frame, Lowell, Lesher, Pauley and John Doe(s) I-IX, jointly and severally, as set forth above, visited upon Plaintiff while incarcerated in MOCC, were such as to deprive the Plaintiff of his right to be secure in his bodily integrity under the Fourth Amendment of the United States Constitution and deprive him of his right to bodily privacy under its Ninth Amendment.

24. The acts and omissions of Defendants WVDCR, Frame, Lowell, Lesher, Pauley and John Doe(s) I-IX, jointly and severally, proximately caused an unconstitutional deprival of Plaintiff's liberty interests, bodily integrity, right to equal protection of law and right to due process while under the legal and physical custody of the State of West Virginia and be protected from discrimination at the hands of Defendant WVDCR and its employees/agents.

25. Defendants WVDCR, Frame, Lowell, Lesher, Pauley and John Doe(s) I-IX were deliberately indifferent to the safety of Plaintiff, thereby proximately causing him to be exposed to and suffer foreseeable, substantial physical injury and harm.

## COUNT TWO

26. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 25 of this Complaint as if the same were set forth herein verbatim.

27. Defendants WVDCR, Frame, Lowell, Lesher, Pauley and John Doe(s) I-IX's conduct was so atrocious, intolerable, extreme and outrageous as to exceed the bounds of decency and to offend community notions of acceptable behavior, giving rise to a claim of compensatory damages and punitive damages against all Defendants, save for WVDCR. Specifically, as stated previously, all Defendants failed to protect Plaintiff which caused Plaintiff to be physically abused and subject to other retribution on the grounds of MOCC by Defendants Lowell, Lesher and Pauley in May, 2024. These physical and malicious assaults occurred in an area of MOCC that is open and obvious to all Defendants and their MOCC cohorts. Upon information and belief, all Defendants had perpetrated similar acts of blatant misconduct concerning other inmates at MOCC or other WVDCR facilities. Further, upon information and belief, Defendants WVDCR, Frame and John Doe(s) I-IX were aware of the misconduct on MOCC grounds prior to their respective actions which led to this complaint.

28. The acts and omissions of all Defendants, jointly and severally, caused Plaintiff to suffer severe emotional distress, giving rise to a claim of compensatory damages against each Defendant and punitive damages against all Defendants, including John Doe(s) I-IX Defendants.

29. The emotional distress suffered by the Plaintiff was so severe that no reasonable person could be expected to endure the same.

## COUNT THREE

30. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 29 of this Complaint as if the same were set forth herein verbatim.

31. Defendants WVDCR, Frame and John Doe I-IX and other personnel of WVDCR are otherwise liable by reason of negligent retention of Defendants Lowell, Lesher, Pauley and

possibly other John Doe I-IX Defendants in its employ, by virtue of its negligent failure to properly supervise these Defendants, by reason of a failure to properly staff the facility and train employees including supervisory staff, by reason of a negligent failure to protect Plaintiff from foreseeable harm and by reason of its failure to take reasonable measures to prevent the unlawful and egregious conduct of all Defendants with regard to inmates in MOCC, including Plaintiff.

## COUNT FOUR

32. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 31 of this Complaint as if the same were set forth herein verbatim.

33. State law and common law claims and causes of action are asserted by Plaintiff against all Defendants are follows:

(a) Tort of harassment;

(b) Tort of unwelcome touching of his person, specifically, on occasions Defendants Lowell, Lesher, Pauley perpetrated the same;

(c) Tort of civil battery;

(d) Tort of civil assault;

(e) Tort of intentional infliction of emotional distress;

(f) Tort of outrageous and atrocious conduct;

(g) Tort of invasion of her right to privacy;

(h) Tort of civil conspiracy;

(i) other statutory and common law causes of action, including but not limited to, common law negligence against Defendants WVDCR, Frame and John Does I-IX.

## COUNT FIVE

34. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 33 of this Complaint as if the same were set forth herein verbatim.

35. As a direct and proximate result of the conduct of all Defendants, jointly and severally, Plaintiff has suffered:

(a) past, present and future anxiety;

(b) humiliation;

 (c) annoyance and inconvenience;

 (d) pain and suffering;

 (e) mental anguish;

 (f) loss of his ability to enjoy life;

 (g) physical injury, including possible permanency;

 (h) current and future medical and pharmaceutical expenses;

 (i) other damages.

## COUNT SIX

36. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 35 of this Complaint as if the same were set forth herein verbatim.

37. Defendants WVDCR, Frame, Lowell, Lesher, Pauley and John Doe(s) I-IX and other staff of Defendant WVDCR/MOCC have engaged in a course of conduct which has been willful, conspiratory and intended to deny Plaintiff certain rights guaranteed by the Constitutions of the United States and of the State of West Virginia, federal statutes, State statutes and the common law of West Virginia as well as Defendant WVDCR's own rules, policies and provisions.

38. Conduct by all Defendants has constituted acts in furtherance of a civil conspiracy. As addressed in paragraph 4 of this Complaint, the purpose of this conspiracy was to avoid Defendants of a criminal investigation by federal, state and/or local law enforcement officials as to the physical assaults, physical abuses, harassment and cruel and unusual punishment of Plaintiff by the individual Defendants, Defendants John Does I-IX, and otherwise.

39. One of the several purposes of this civil conspiracy was to avoid a criminal prosecution of any of Defendants Lowell, Lesher, Pauley and John Does I-IX by an outside law enforcement agency as well as to preserve the reputation of Defendant WVDCR and to avoid further embarrassment.

## COUNT SEVEN

40. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 39 of this Complaint as if the same were set forth herein verbatim.

41. Claims are asserted against Defendants WVDCR, Frame and John Doe I-IX, as

well as various officials and employees in its employ, as follows:

(a) Negligent hiring and negligent retention of Defendants Lowell, Lesher, Pauley and possibly other John Doe Defendants, negligent failure to intervene on Plaintiff's behalf, negligent failure to supervise Defendants Lowell, Lesher, Pauley and negligent failure to properly train Defendants Lowell, Lesher, Pauley and John Does I-IX.

(b) Respondent Superior, Law of Agency.

(c) Causes of action arising under the West Virginia common law tort of outrageous conduct, tort of negligent infliction of emotional distress, tort of invasion of privacy and tort of harassment for its supervisory employees as well as Defendants Lowell, Lesher, Pauley and Defendants John Doe(s) I-IX.

(d) Plaintiff maintains the following claims against Defendants Frame, Lowell, Lesher, Pauley and Defendants John Doe(s) I-IX arising from violations of his constitutional rights as a citizen of West Virginia under the State Constitution:

>Violation of his privacy rights and to his bodily integrity.
>
>- Article 3-1 and Article 3-3
>
>Violation of his right to be secure in his person and to his bodily integrity.
>
>-Article 3-6
>
>Violation of his right to due process and to his liberty interests.
>
>– Article 3-10
>
>Violation of his right to be free from cruel and unusual punishment.
>
>– Article 3-5

(e) Claims are asserted against Defendants Frame, Lowell, Lesher, Pauley and Defendants John Doe(s) I-IX arising from violations of Plaintiff's constitutional rights as a citizen of this nation under the United States Constitution are as follows:

>**Fourth Amendment** – violation of his right to be secure in his person and to his bodily integrity.
>
>**Eighth Amendment** – violation of his right to be free from cruel and unusual punishment.
>
>**Ninth Amendment** – violation of his right to privacy and to his bodily integrity.

**Fourteenth Amendment** – violation of his due process, equal protection rights and liberty interests.

WHEREFORE, Plaintiff Jason Sadler demands judgment against the Defendants, jointly and severally, in an amount to fully and fairly compensate him for his damages, compensatory and punitive, including court costs, attorney fees pursuant to 42 U.S.C. §§1983 and 1988(b) and such and further relief as the Court may deem appropriate. Punitive damages are not claimed against Defendant WVDCR.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

JASON SADLER
Plaintiff
By Counsel

s/Kerry A. Nessel
Kerry A. Nessel, Esquire, WVSB 7916
The Nessel Law Firm
418 Ninth Street
Huntington, WV 25701
304.697.6377
nessel@comcast.net

Tyler C. Haslam, Esquire
WVSB 11522
Haslam Law Firm
PO Box 585
Huntington, WV 25701

*Counsel for Plaintiff*